### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **LOWELL QUINCY GREEN # 518622** | § | |
| | § | |
| **V.** | § | **W-21-CA-105-ADA** |
| | § | |
| **JON R. GIMBLE, et al.** | § | |

### ORDER OF DISMISSAL

Before the Court is the above-referenced civil complaint. Plaintiff appears to be seeking to remove a case filed in state court. Plaintiff has not paid the filing fee and appears to seek leave to proceed *in forma pauperis*.

As an initial matter, 28 U.S.C. 1441(a) provides for a removal of a civil action over which this Court would have original jurisdiction. However, removal is restricted to the defendant or defendants in the civil action. In other words, a *plaintiff cannot remove his or her own claim*. See *Metro Ford Truck Sales, Inc.*, 145 F.3d 320, 326-327 (5th Cir. 1998) (emphasis added).

In addition, under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A prisoner who is not proceeding *in forma pauperis*

may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule.

Plaintiff is currently incarcerated. While incarcerated, Plaintiff has filed more than 30 civil actions in the federal courts. At least five of those previous cases have been dismissed as frivolous, malicious or for failure to state a claim. *See Green v. State of Texas, et al.*, Cause No. W-17-CV-092 (W.D. Tex.) (dismissed as frivolous on May 18, 2017); *Green v. State of Texas Gov't, et al.*, Cause No. W-16-CV-424 (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Davis, et al.,* Cause No. W-16-CV-419 (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Heaton, et al.*, Cause No. 7:16-CV-014 (N.D. Tex) (dismissed as frivolous on February 24, 2016);  and *Green v. Stephens, et al.*, Cause No. 4:15-CV-3257 (S.D. Tex.) (dismissed for failure to state a claim on November 5, 2015). One of Green's previous appeals to the Fifth Circuit has also been dismissed as frivolous. *See Green v. State of Texas Gov't, et al.*, No. 17-50165 (5th Cir. Jan. 19, 2018). Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint does not meet that standard.

It is therefore **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). In addition, the Court lacks jurisdiction for a removal by a Plaintiff.

Plaintiff's complaint may be reinstated only if the full filing fee of $400 is paid simultaneously with the filing of a motion to reinstate.

**SIGNED** on February 2, 2021

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE